IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL MCLEAN, | § | |
| # 2232937, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-1244-C-BK |
| | § | |
| ADAM KING, SHERIFF, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  The Court granted Plaintiff Paul McLean's motion to proceed *in forma pauperis* but did not issue process.  Doc. 6.  Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**

On May 4, 2020, McLean, a Texas state prisoner, filed this *pro se* action on the civil rights complaint form against Johnson County Sheriff Adam King, LaSalle Corrections, and the Johnson County Jail Facility and Medical Staff (collectively "Defendants").  Doc. 1.  He asserts that Defendants violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Doc. 1 at 3.  Specifically, McLean argues that his HIPAA rights were violated because an officer was present in the prison's medical exam room when McLean's health history was reviewed by the nurses.  Doc. 1 at 3-4; Doc. 11 at 2 (restating allegations in

his *Answers to Magistrate Judge's Questionnaire*).  McLean seeks monetary relief in the amount of $20 million.  Doc. 1 at 4; Doc. 11 at 22-24.

Upon review, McLean's complaint lacks any legal basis and should be dismissed as frivolous and for failure to state a claim.

## II.    ANALYSIS

Because McLean is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, McLean's claim is frivolous and fails to state a claim.

McLean brought suit alleging solely that Defendants violated his rights under HIPAA. Doc. 11 at 2-3.  However, it is well-established that "there is no private cause of action under HIPAA" and, thus, his claim lacks any legal basis.  *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir.

2

2006). Moreover, insofar as he alleges that he was "humiliated" and "disrespected" in "violation of the 14th Amendment," Doc. 11 at 3, his claim likewise lacks an arguable legal basis. Injury to reputation or character alone is insufficient to invoke due process protection. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Davis v. City of Aransas Pass*, 605 F. App'x 429, 430 (5th Cir. 2015). Accordingly, McLean has failed to state a plausible claim.[1]

## III.    LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, McLean's claim is fatally infirm. In addition, the Court has already given McLean the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Doc. 11. Thus, McLean has apparently already pled his best case and granting leave to amend would be futile and cause needless delay.

## IV.    CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] McLean also complains that he twice used the razors of another detainee due to the alleged negligence of a medical aid. Doc. 1 at 4; Doc. 11 at 13-14. However, negligent conduct, in and of itself, does not amount to a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Consequently, in the event Plaintiff is also suing on this basis, his claim is not actionable under 42 U.S.C. § 1983.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

SO RECOMMENDED on September 15, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" rule, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."